W. D. WASHBURN

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 25, 1902.*

1. SPECIAL ASSESSMENTS—*right of improvement board to change resolution at public hearing.*  Under section 8 of the Local Improvement act, as amended in 1901, (Laws of 1901, p. 104,) authorizing the board of improvements, at a public hearing, to change the scheme of improvement without a further public hearing, provided the change does not increase the cost of the improvement more than twenty per cent, the board may, under like conditions, make a change decreasing the cost.

2. SAME—*unreasonableness of ordinance not considered solely with reference to objector's property.*  The unreasonableness of an ordinance for a sewer system embracing a number of blocks will not be considered solely with reference to the property of the objector, which consists of unsubdivided tracts of five and ten acres lying in the district, where they are surrounded by territory in the proposed district which is subdivided into lots, blocks, streets and alleys.

3. SAME—*when amount assessed as benefits will not be disturbed.* The fact that unsubdivided tracts of land used for truck farms will not be benefited by the construction of a sewer system to the amount assessed while used as truck farms does not authorize disturbing the amount of such benefits, where the evidence shows the same to be reasonable considering the chief value of the tracts, which is for use and sale as city lots.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

GEORGE A. MASON, (W. D. WASHBURN, of counsel,) for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, and EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the county court of Cook county confirming a special assessment levied to defray the cost of constructing a system of brick and vitrified tile-pipe sewers, with manholes, catch basins and wing sewers, as follows, to-wit: In West One Hundred and Sixth place, from Wentworth avenue to State street; in West One Hundred and Seventh street, from Wentworth avenue to State street; in One Hundred and Seventh street, from State street to a point one hundred feet west of the west line of Michigan avenue; in West One Hundred and Ninth street, from Wentworth avenue to State street; in West One Hundred and Ninth place, from Wentworth avenue to State street; in West One Hundred and Tenth street, from Wentworth avenue to State street; in West One Hundred and Tenth place, from Wentworth avenue to State street; in State street, from West One Hundred and Sixth place to West One Hundred and Eleventh street; and in Perry avenue from West One Hundred and Sixth place to a point two hundred and twenty feet north of the north line of West One

Hundred and Sixth place, in the city of Chicago. The property objected for by appellant is a five-acre tract on the north side of One Hundred and Seventh street, extending from State street to Wentworth avenue, known as the south half of lot 32, assessed $542.60, and a ten-acre tract on the south side of One Hundred and Seventh street, extending also from State street to Wentworth avenue, known as lot 33, assessed $955.41.

The board of local improvements of the city of Chicago, at the public hearing on September 30, 1901, amended the resolution of the board providing for the construction of the improvement by striking therefrom the provisions of the resolution authorizing the construction of lateral sewers in State street for the distance of three hundred and thirty-three feet north of One Hundred and Sixth street and in One Hundred and Tenth street west of State street, and adopted a new resolution for an improvement as changed by the elimination of said lateral sewers, and caused an ordinance to be prepared accordingly. Section 8 of the act of the legislature entitled "An act to amend an act entitled 'An act concerning local improvements,' approved June 14, 1897," approved and in force May 9, 1901, (Laws of 1901, p. 104,) authorizes the board of local improvements, at a public hearing, to adopt a new resolution changing the former proposed scheme without a further public hearing, provided the change in the scheme does not increase the estimated cost of the improvement to exceed twenty per centum thereof. The change so made by the board did not increase, but decreased, the cost of the improvement, and hence was within the authority of the statute. The statute in question cannot be given the meaning suggested by counsel for the appellant, that it authorizes only such changes as shall increase the estimated cost of the improvement. Any change, alteration or modification which does not increase the cost of the improvement more than twenty per centum may be made in the resolution by the

board- without calling another meeting for the public consideration of the resolution as so changed, altered or modified. The duty of the board of local improvements to submit the resolution for an improvement for consideration at a public hearing, and the right of the public to participate at such hearing in such consideration of the resolution, are purely statutory. It was within the power of the General Assembly, at its session in 1901, to adopt said section 8, giving to the board the right, before referred to, to change, alter or modify the scheme of the improvement to a limited extent without submitting the resolution as so changed, altered or modified, again to a public hearing.

Whether the ordinance is unreasonable cannot be considered solely with reference to the situation and circumstances of the property of the appellant. The ordinance contemplates a system of sewerage for the benefit of a number of blocks in the city. Appellant's property is not subdivided into lots or blocks, but the territory adjoining it on the north, the east and the south has been subdivided into streets, alleys, lots and blocks. The scheme of sewerage seems to have been reasonably necessary in view of the needs of the inhabitants of the city who resided on the subdivided property to the north, east and south of the appellant's property. The sewers, when completed, will convey the sewage from the territory covered by the system, by means of lateral sewers provided for in the ordinance, to the main sewer which the ordinance provides shall be constructed in One Hundred and Seventh street, (on which appellant's property abuts on the north and south,) to the larger sewer on Wentworth avenue, thence to a convenient outlet. The appellant holds, unsubdivided, a lot comprising ten acres and a portion of another lot comprising five acres, which are surrounded by territory which is subdivided into streets, alleys, lots and blocks. The reasonableness of the proposed- scheme or system of sewerage involved the

consideration of the situation and condition of the whole of the territory to be reached by the sewers, and cannot be determined alone in view of the situation of the property of the appellant. The ordinance provided for the construction of a main sewer, which runs between the two lots belonging to the appellant. The assessment of benefits, as confirmed, so distributes the cost of this main sewer as that the lots on the north, east and south of the property of the appellant bear their proper proportion of the cost of its construction. The ordinance cannot be declared to be unreasonable.

In the investigation of the complaint that each of the appellant's lots has been assessed a greater amount than it will be benefited we have read the evidence preserved in the record. The lots are now in cultivation as truck gardens, and it clearly appears from the evidence that for that use the lots will not be benefited to the amount assessed against them. The value of the lots, by the concurrence of all the witnesses, is placed at from $1000 to $1200 per acre. The witnesses also agree that the property has no such value for use as truck gardens. It is the location of the property and the future probability that it will be in demand and salable as city lots that gives it value. The property is therefore benefited by everything necessary to prepare it for the purposes of habitation or which has the tendency to bring it into the market and attract those who desire to buy residence lots. That which gives value to this property is its adaptability for use and sale as city lots, and the construction of the sewer will add to such value. This element of benefit being considered, as it was by the witnesses who expressed the opinion that the lots would be benefited in the amount of the assessment, we cannot say the evidence was insufficient to support the conclusion reached by the court before whom the question was tried.

The judgment is affirmed.          *Judgment affirmed.*